UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:07-CV-583-D |
| | § | |
| MOHAMMED SAEED HARRIS, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and the orders of the District Court filed on May 2 and 22, 2007, Defendant Dora Santana's and Dora Santana d/b/a Millennium Travel's, Motion to Dismiss for Lack of Jurisdiction and Motion to Transfer Venue, Gloria Mejardo's Motion to Dismiss for Lack of Jurisdiction and Motion to Transfer Venue, as well as Defendant Mohammed Saeed Harris', Midhat Bilal's, Smisa Travel, L.L.C. d/b/a Upgrade Travel's, Smisa Traders, L.L.C.'s, Samina Qureshi's and Mohammad Qureshi's Motion to Dismiss for Lack of Jurisdiction and Motion to Transfer have previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil action brought by a public corporation pursuant to the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. The complaint also raises state law claims of fraud, tortious interference with contract, tortious interference with prospective advantage,

trespass to chattels, unjust enrichment, theft of services, harmful access by computer, breach of contract, aiding and abetting fraud, and conspiracy to commit fraud.

Parties: Plaintiff Southwest Airlines Company ("Southwest" or "Plaintiff") is a major short-haul, high-frequency, point-to-point carrier that offers discount air travel in the United States. The individual Defendants as well as the named business entities are associated with the travel industry.

Statement of the Case: As part of its overall business strategy, Plaintiff operates a membership-based passenger loyalty program. The loyalty program, entitled "Rapid Rewards" allows members to earn free travel "awards" that may be redeemed for future travel on Southwest. Customers who enroll in the program agree to a set of membership conditions, including that: "Rapid Rewards awards are transferable; however, the Awards and Drink Coupon Books have no cash value and are void if sold, purchased, brokered or bartered." The terms and conditions of the membership program are published on Southwest's website.

When a member earns an award, Southwest sends the member a "Ticketless Award Notification" containing a unique membership number and keyword, password or other verification information. The Ticketless Award Notification states that "Award Tickets are void if sold, purchased, brokered or bartered." A member may redeem the award electronically via Southwest's website or through a Southwest telephone reservations agent using their membership number and verification information. In accordance with the terms and conditions of the Rapid Rewards program, members who choose to transfer their tickets to a designee must personally book the travel using their membership number and verification information.

Plaintiff alleges that Defendants engaged in a scheme to solicit and to purchase awards

from Rapid Rewards program members in knowing violation of the terms of the membership program, redeem the wrongfully-purchased awards for Southwest flight tickets and to resell the tickets to customers and potential customers of Southwest.

**Motion to Dismiss for Lack of Subject Matter Jurisdiction**

When a defendant files a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the trial court must first determine whether the defendant's motion constitutes a facial or a factual attack on the plaintiff's complaint. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If the Defendant files the motion without any supporting evidentiary material such as affidavits or testimony, the attack is deemed "facial" and the trial court "is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Rollins v. Systems Integration, Inc.*, No. 4:05-CV-408-Y, 2006 WL 3486781, at *2 (N.D. Tex. Dec. 4, 2006) (quoting *Paterson*, 644 F.2d at 523 (5th Cir.1981)). However if the defendant attaches evidentiary material to the motion, the court does not presume the plaintiff's allegations to be true and the plaintiff bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *Paterson*, 644 F.2d at 523. In this case, Defendants Dora Santana, Mohammad Saeed Harris, Midhat Bilal, Samina Qureshi, and Mohammad Qureshi filed affidavits wherein each individual stated that he or she had not accessed Southwest Airline's computer.[1] The undersigned therefore finds that Defendants' motions constitute factual attacks on the court's subject matter

---

[1] Plaintiff argues that these affidavits do not constitute "a meaningful challenge to the factual matter in Southwest's complaint" and therefore Defendants' motions cannot be considered factual attacks on the court's subject matter jurisdiction. The undersigned finds this argument unavailing. While the affidavits submitted by Defendants are certainly brief and conclusory, they nevertheless challenge an underlying factual basis of Plaintiff's CFAA claim.

jurisdiction.[2]

**The Computer Fraud and Abuse Act**

As made clear in its response, Southwest predicates federal jurisdiction solely on the provisions of the CFAA, 18 U.S.C. § 1030. The CFAA is primarily a criminal statue that proscribes fraud and related activity in connection with computers. *L-3 Commc'ns Westwood Corp. v. Robicharux*, Civil Action No. 06-0279, 2007 WL 756528, at *4 (E.D. La. Mar. 8, 2007). However, subsection (g) of the Act authorizes "any person who suffers damage or loss by reason of a violation of this section" to file a civil action for compensatory damages, injunctive relief and/or other equitable relief against persons whose conduct involves factors described in subsection (a)(5)(B). Subsection (g) states:

> A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B). Damages for a violation involving only conduct described in subsection (a)(5)(B)(i) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

As stated in subsection (g), a party filing a civil action must allege not only that the defendant or defendants engaged in acts that constitute a violation of the Act, but must also allege that the party suffered one or more of the forms of "harm" set forth in subsection (a)(5)(B):

> (i) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;

---

[2] Plaintiff focuses its responses solely on the issue of "access" because this was the only element of Plaintiff's CFAA claim disputed by Defendants. *See* § 1030(a)(4). However, because a plaintiff responding to a factual attack on subject matter jurisdiction has the burden of proving jurisdiction, *see Paterson*, 644 F.2d at 523, the court's review encompasses all of the elements that form the basis of Plaintiff's claims under the CFAA.

(ii) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
(iii) physical injury to any person;
(iv) a threat to public health or safety; or
(v) damage affecting a computer system used by or for a government entity in furtherance of the administration of justice, national defense, or national security

In its complaint, Southwest does not specify which provision of subsection (a)(5)(B) on which it relies, although the complaint appears to be drafted to allege a violation of subsection (a)(4) which prohibits an individual from "knowingly and with intent to defraud, access[ing] a protected computer without authorization, or exceed[ing] authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period." *See P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC.*, 428 F.3d 504, 512 (3d Cir. 2005) (finding that the reference in section 1030(g) to subsection (a)(5)(B) does not preclude relief for violations that are brought under subsection (a)(4)). Likewise, it apparent that Southwest intended to alleged that it suffered the form of "harm" described in subsection (a)(5)(B)(i).

"Loss," as referenced in subsection (a)(5)(B)(i), is defined in the statute as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." § 1030(e)(11).

Southwest avers that: (1) Defendants intentionally accessed or caused others to access Southwest's computer system without Southwest's authorization and with the intent to defraud

5

Southwest by obtaining travel services on its website without paying for those services, (2) Defendants' unauthorized access of its computer system caused damage and is continuing to cause damage to Southwest which has amounted in an aggregated loss of at least $5000 during a one-year period and (3) the computer system on which the Rapid Rewards program resides is a computer used in interstate commerce or communication. Pl.'s Compl. 10. In its responses to the motions to dismiss, Plaintiff submitted affidavits from Southwest employees who investigated the alleged misuse of the Rapid Rewards program wherein the employees state that several of Defendants' credits cards were used to book award travel on the Southwest website. These allegations essentially mirror subsection (a)(4) of the Act which states that an individual violates the Act when he:

> knowingly and with intent to defraud, accesses a protected computer[3] without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period.

Furthermore, Plaintiff alleges that Defendants caused a loss aggregating at least $5,000 in value over a one-year period.[4] § 1030(a)(5)(B)(i). The "losses" alleged by Plaintiff are that: (1) Defendants made misleading statements that caused persons who purchased Awards from Defendants to believe that they would be receiving airline tickets or vouchers good for travel on Southwest, and (2) Southwest lost revenue because numerous individuals traveled on Southwest using void Awards wrongfully purchased and/or sold by Defendants and/or brokers with whom

---

[3] A "protected computer" is defined in the Act as a computer "used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States." § 1030(e)(2)(B).

[4] Plaintiff does not allege that it suffered any of the other forms of harm listed in (a)(5)(B).

Defendants had conspired.

However, nowhere in its complaint or its responsive pleadings does Plaintiff show that it suffered a "loss" as defined in the Act, i.e. "a cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted." *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 475 (S.D.N.Y. 2004), *aff'd*, 166 Fed. Appx. 559 (2d Cir. 2006) (discussing the statutory definition of "loss"); *see also Chas. S. Winner, Inc. v. Polistina*, Civil Action No. 06-4865 (NLH), 2007 WL 1652292, at *4 (D.N.J. June 4, 2007) (holding that in responding to a factual attack to subject matter jurisdiction, "plaintiffs must allege facts that the damage or loss incurred was related to investigating or remedying damage to the computer, or due to interruption of the computers service"); *Frees Inc. v. McMillian*, Civil Action No. 05-1979, 2007 WL 2264457, at *3 (W.D. La. Aug. 6, 2007) ("Courts have consistently interpreted 'loss'...to mean a cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted."); *Davies v. Afilias Ltd.*, 293 F. Supp. 2d 1265, 1273 (M.D. Fla. 2003) (holding in relation to a defendant's counterclaim that it suffered "loss" under the CFAA after the plaintiff wrongfully registered domain names owned by the defendant, that the alleged "loss" was "not the sort of 'impairment to the ... availability of data' contemplated by the CFAA"); *L-3 Commc'ns Westwood Corp.*, 2007 WL 756528 at *4 ("The court finds that L-3's allegations of loss of trade secrets and lost profits are not contemplated by the CFAA. Losses under CFAA are compensable when they result from damage to a computer system or the inoperability of the accessed system."). Although the Fifth Circuit has generally held that a federal court should not dismiss a claim for lack of subject matter jurisdiction "[w]here the defendant's challenge to the court's jurisdiction

7

is also a challenge to the existence of a federal cause of action," *see Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981), the undersigned finds that dismissing Plaintiff's cause of action is appropriate in this instance. This is not a case where the court has been asked to dismiss a colorable cause of action under the CFAA. Instead, the question of this court's jurisdiction is focused on whether the "losses" alleged by Southwest fall within the parameters of the term "loss" as set out in the civil remedies authorized under the CFAA. The undersigned finds the limitations to recoverable losses found by the courts in *Nexans Wires S.A.*, *supra*, and in *Chas. S. Winner, Inc.*, *supra*, to be persuasive and correct. Therefore, I conclude that Southwest's complaint fails to allege or demonstrate the existence of any costs attributed to investigating or remedying damage to its computer system and/or costs incurred due to computer service interruption and that the Defendants' motions to dismiss for lack of jurisdiction should be granted.

**RECOMMENDATION:**

For the forgoing reasons, it is recommended that the District Court enter its order GRANTING Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction.[5] A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 17th day of September, 2007.

*Wm. F. Sanderson, Jr.*
_____

Wm. F. Sanderson Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[5] Because the Magistrate Judge recommends dismissal of Southwest's complaint, I do not address Defendants' remaining motions, the same being moot.